UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

JORGE VALENCIA,

                        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2020
```

15 Cr. 163 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Jorge Valencia, a prisoner serving his sentence at FCI Danbury ("Danbury") moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mot., ECF No. 74. He asks that he be "immediately released from custody (even if this includes spending his remaining custodial sentence on home confinement)." *Id.* at 4. But Valencia appealed from the judgment of conviction, ECF No. 66, and his appeal remains pending before the Second Circuit; Valencia and the Government agree that as a result this Court presently lacks jurisdiction to consider the motion. Gov't Opp. at 4–5, ECF No. 77; Def. Reply at 1, ECF No. 78. Accordingly, the Court may not grant Valencia's motion. However, pursuant to Rule 37 of the Federal Rules of Criminal Procedure, the Court finds that the motion raises a substantial issue that would warrant consideration upon remand.

## BACKGROUND

      Valencia pleaded guilty in 2016 to conspiracy to distribute, and possess with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846. *See* ECF Nos. 15, 42. He was sentenced to 120 months' imprisonment, the mandatory minimum, to be followed by five years of supervised release. ECF No. 65; *see* 21 U.S.C. § 841(b)(1)(A). He is serving his sentence at Danbury, where, as of April 20, 2020, at least 29 inmates and 38 staff have tested positive for COVID-19, and one inmate has died. Def. Mot. at 2. Another court in this district

has remarked that "[t]he danger posed by COVID-19 is particularly acute at FCI-Danbury," because "the facility [is] in a tie for first place for total cases among all BOP facilities nationwide." *United States v. Paciullo*, No. 15 Cr. 834, 2020 WL 1862252, at *1 (S.D.N.Y. Apr. 14, 2020).

Valencia has a documented heart condition, high blood pressure, epileptic seizures, and persistent anxiety. Def. Mot at 2. He suffered a heart attack in 2018 that required hospitalization. *Id.* He currently takes a number of medications for his heart condition, as well as for anxiety. *Id.* His heart condition puts him at high risk for severe complications from COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html; *see also* Def. Mot. at 2 (citing medical source indicating that Valencia's risk of death from COVID-19 could be as high as 10%).

On April 19, 2020, Valencia submitted a request to the warden of Danbury seeking compassionate release. Def. Mot. at 2. On April 20, 2020, his counsel followed up with a second request. *Id.*

## ANALYSIS

The Government asserts, and Valencia concedes, that the Court does not have jurisdiction to decide the motion because an appeal from the judgment in this matter is pending before the Second Circuit. Gov't Opp. at 4–5; Def. Reply at 1. "The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the courts of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The district court retains the ability to "correct[] clerical errors under Fed. R. Crim. P. 36 or [to] act[] to aid the appeal," but it may not substantively modify judgments while an appeal is pending. *United States v. Ransom*, 866 F.2d 574, 575–76 (2d

Cir. 1989) (internal quotation marks and citations omitted).  Thus, "once [Valencia] filed his notice of appeal challenging the Court's sentence, jurisdiction over questions raised in his § 3582(c) motion transferred to the Second Circuit."  *United States v. Moseley*, No. 16 Cr. 79, 2020 WL 1911217, at *1 (S.D.N.Y. Apr. 20, 2020) (internal quotation marks and citation omitted); *see also, e.g.*, *United States v. Vigna*, No. 16 Cr. 786-3, 2020 WL1900495, at *3 (S.D.N.Y Apr. 17, 2020); *United States v. Martin*, No. 18 Cr. 834-7, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

Under Rule 37 of the Federal Rules of Criminal Procedure, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Crim. P. 37(a).  "[I]f the district court states that it would grant the motion or that the motion raises a substantial issue," then the movant must promptly inform the court of appeals, which may remand for the purpose of the district court's deciding the motion.  Fed. R. Crim. P. 37(b), (c).

Valencia's motion presents a substantial issue under Rule 37(a)(3).  He has presented significant arguments:  whether the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) can lawfully be excused, whether it would be appropriate to do so in his situation, and whether this case involves "extraordinary and compelling circumstances" warranting relief in light of the factors listed in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13.  "The Court cannot say whether it would ultimately grant the motion if the case were remanded for such purposes, but neither is it willing to deny the motion outright.  These are complex and time-sensitive issues, but they are ones that the Court can only take up if the Second Circuit agrees it would be useful to decide the instant motion before it

decides the appeal." *Moseley*, 2020 WL 1911217, at *1 (finding substantial issue under Rule 37(a) in similar circumstances).

## CONCLUSION

Accordingly, the Court holds that it lacks jurisdiction to decide Valencia's motion at this time, but that "the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3).

SO ORDERED.

Dated: April 24, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge